G. W. Grandin v. Commissioner. Dorothy H. Ulf v. Commissioner.
G. W. Grandin v. Commissioner
Docket Nos. 6155, 6578.
United States Tax Court
1945 Tax Ct. Memo LEXIS 29; 4 T.C.M. (CCH) 1031; T.C.M. (RIA) 45353; November 28, 1945
*29 Benjamin Grund, C.P.A., for the petitioners. W. F. Evans, Esq., for the respondent. LEECH Memorandum Opinion LEECH, Judge: These consolidated proceedings involve income tax deficiencies for the year 1941, as follows: G. W. Grandin
$29,045.63
Dorothy H. Ulf
1,454.67
The sole issue is whether the distribution in 1941 to petitioners, as owners of stock in Louisiana Central Lumber Company, of shares of stock of a subsidiary acquired by the parent corporation in exchange for mineral rights in land possessed by it prior to March 1, 1913, constitutes a taxable dividend. All of the facts have been stipulated, the pertinent parts of which stipulation here follow: [The Facts] 1. Petitioner, G. W. Grandin, resides at 10723 Magnolia Drive, Cleveland, Ohio, and filed his 1941 Federal income tax return with the Collector of Internal Revenue for the Eighteenth District at Cleveland, Ohio, on March 5, 1942. Petitioner, Dorothy H. Ulf, resides at 22350 McCauley Road, Cleveland, Ohio, and filed her 1941 Federal income tax return with the Collector of Internal Revenue for the Eighteenth District at Cleveland, Ohio, on March 13, 1942. * * * 2. On December 29, 1941, petitioners *30 respectively owned the following number of shares of common stock of Louisiana Central Lumber Company (here called "Company") out of a total of 15,350 shares of such stock then issued and outstanding: G. W. Grandin
952 shares
Dorothy H. Ulf
119 shares Petitioners acquired said stock prior to March 1, 1913. The fair market value of said stock on March 1, 1913 was $541.43 per share. 3. On December 29, 1941, the Directors of the Company adopted a resolution to distribute to the stockholders of the Company pro rata the shares of the stock of Louisiana Central Oil & Gas Company * * * On said date the Company distributed pro rata to its stockholders 15,350 shares, being 100% of all of the issued and outstanding stock of Louisiana Central Oil & Gas Company (here called "Subsidiary"), theretofore owned by Company. Pursuant to said distribution, petitioners respectively received the following number of shares of said stock. G. W. Grandin
952 shares
Dorothy H. Ulf
119 shares The fair market value of the stock of Subsidiary on December 29, 1941 was $645,991.23, or $42.084119 per share. 4. Company acquired all of the stock of Subsidiary by transfer to *31 Subsidiary, upon Subsidlary's incorporation in 1926, of certain mineral rights in respect to Company lands acquired by Company prior to March 1, 1913. 5. On March 1, 1913, Company had outstanding 15,150 shares of capital stock having a parvalue of $100 each, or a total par value of $1,515,000 and a surplus of $6,687.739.07. 6. Between March 1, 1913 and January 1, 1941, Company distributed dividends to stockholders totalling $822 per share. Of said amount $370.67 per share was distributed from surplus accrued prior to March 1, 1913 and $451.33 was distributed from earnings and profits accumulated since March 1, 1913. Of said $370.67 per share, $61.41 represents distributions between March 1, 1913 and December 31, 1915, inclusive, out of surplus accrued prior to March 1, 1913, taxable under the Revenue Act of 1913. 7. On January 1, 1941, Company had no earnings and profits accumulated since March 1, 1913. Between January 1, 1941 and December 20, 1941, inclusive, Company distributed to its stockholders $36 per share in cash, of which $20.4646 per share was out of current earnings and profits accumulated since January 1, 1941 and $15.5354 per share was out of surplus accrued prior *32 to March 1, 1913. Of said $20.4646, petitioners reported $20.04 per share as income from dividends. Prior to any distributions in 1941, and without considering the value of said stock of Subsidiary as having any effect upon such earnings and profits. Company's 1941 earnings and profits were $314,132.95, or $20.4646 per share. 8. If the fair market value of said stock of Subsidiary did not become a part of Company's earnings and profits as a result of distributing said stock to Company's stockholders on December 29, 1941, then Company had in fact no earnings and profits accrued since March 1, 1913 on said date of distribution. If the fair market value of said stock of Subsidiary did become a part of Company's earnings and profits upon said distribution, then Company had earnings and profits of $645,991.23, or $42.084119 per share, when it distributed said stock of Subsidiary on December 29, 1941. 9. In computing the deficiencies herein, respondent included as income from dividends the $20.4646 referred to in paragraph 7 herein and the $42.084119 referred to in paragraph 3 herein for each of the shares respectively owned by the petitioners. It is clear that the securities of the *33 subsidiary distributed by Louisiana Central Lumber Company, the parent corporation, were not acquired out of its earnings and profits accumulated subsequent to March 1, 1913. On brief the respondent concedes that the issue presented is controlled by the cases of ; affd., ; and ; appeal dismissed, (C.C.A. 2nd) December 7, 1944. Respondent states he "has not acquiesced in the numerous adverse decisions of the Tax Court in respect of the principle involved," and "submits the case upon the record and stipulated facts in consistent regard for" his "heretofore expressed policy". Since in the instant case we perceive no distinguishing facts, the aforementioned cases are decisive here. The issue is determined in favor of the petitioners. Decisions will be entered under Rule 50.